IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NATHAN ANTHONY DORRIS,

    Petitioner,               No. 2:10-cv-02482-FCD-KJN

    vs.

D. ADAMS, Warden,

    Respondent.            <u>ORDER</u>

_____/

        Petitioner, a state prisoner proceeding without counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. <u>See</u> 28 U.S.C. § 1915(a).

        It is not clear from the petition whether petitioner has exhausted his state court remedies. Petitioner challenges his conviction in the Sacramento County Superior Court, but does not provide the date of conviction, although the recitation of facts indicates that the conviction may have taken place in July 2006. Petitioner states that he appealed his conviction to the "Sacramento County Superior Court," which affirmed his conviction in March 2008, then sought review in the California Supreme Court, which denied review in March 2008. Petitioner

1

states that he has filed, with his petition, a copy of the Court of Appeal opinion and his petition for review before the California Supreme Court, but these documents have not been included.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986). If exhaustion is to be waived, it must be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred.

Because the court cannot determine whether petitioner has exhausted his state court remedies, he will be give the opportunity to file an amended habeas corpus petition that includes the requisite assertions that he has exhausted his state remedies with respect to each of the claims raised, along with all supporting documents.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis (Dkt. No. 2) is granted.

2. Petitioner shall, within 30 days of the filing date of this order, file an Amended Petition for Writ of Habeas Corpus that meets the requirements set forth above and includes the appropriate supporting documents.

3. Failure of petitioner to timely file an Amended Petition for Writ of Habeas Corpus may result in the dismissal of this action.

4. The Clerk of Court is directed to provide petitioner, together with a copy of this order, a blank form used in this District for filing a petition for writ of habeas corpus

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1  pursuant to 28 U.S.C. § 2254, and a copy of petitioner's original, file-endorsed, petition (Dkt.
2  No. 1).
3          SO ORDERED.
4  DATED: October 5, 2010

                                      KENDALL J. NEWMAN
                                      UNITED STATES MAGISTRATE JUDGE

9  door2482.103.var