IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NATHAN ANTHONY DORRIS,

    Petitioner,                    No.  2:10-cv-02482 FCD KJN P

    vs.

D. ADAMS, Warden,                  ORDER and

    Respondent.              FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding without counsel, proceeds with an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 9.) Presently pending before the court is respondent's motion to dismiss filed January 14, 2011, premised on the contention that this action was untimely filed. (Dkt. No. 13.) In response to the court's order to show cause filed March 31, 2011 (Dkt. No. 16), now discharged (Dkt. No. 20), petitioner filed an opposition to the motion to dismiss, as well as a request that this action proceed on the amended petition (Dkt. Nos. 17, 19), and that the court appoint counsel for petitioner (Dkt. No. 18). Respondent filed a reply. (Dkt. No. 23.) For the reasons that follow, the court recommends that respondent's motion to dismiss be granted, and denies petitioner's motion for appointment of counsel.

////

This action is referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B), Local General Order No. 262, and Local Rule 302(c).

BACKGROUND

Petitioner was convicted in 2006 of first degree robbery and first degree burglary, and sentenced to prison for a term of 20 years. (Lodged Document ("Ldgd. Doc.") No. 1.) Petitioner's conviction was affirmed by the California Court of Appeal, Third Appellate District, on December 11, 2007. (Ldgd. Doc. No. 2.) The California Supreme Court denied review on March 12, 2008. (Ldgd. Doc. No. 4.) Petitioner did not file any state post-conviction collateral challenges to the judgment. Petitioner filed the instant action, pursuant to his initial federal habeas petition, on September 10, 2010; and his amended federal habeas petition was filed on November 4, 2010.

Respondent moves to dismiss petitioner's federal habeas petition on the ground that it is time-barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA").

LEGAL STANDARDS

AEDPA's one-year statute of limitations, set forth in 28 U.S.C. § 2244, applies to all federal habeas corpus petitions filed by "a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).

The limitation period commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1] The limitation period is statutorily tolled during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim.. . ." 28 U.S.C. § 2244(d)(2). A state petition is "properly filed," and qualifies for statutory tolling, if "its delivery and acceptance are in compliance with the

---

[1] Although the statute provides other means for assessing the commencement of the limitation period, 28 U.S.C. § 2244(d)(1), none are pertinent here.

applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). Statutory tolling is not available for a state habeas petition that is "improperly filed" because untimely under California law. Lakey v. Hickman, 633 F.3d 782, 787 (9th Cir. 2011) (citing, inter alia, Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005)). Thus, "[t]he period between a California lower court's denial of review and the filing of an original petition in a higher court is tolled—because it is part of a single round of habeas relief—[only] so long as the filing is timely under California law." Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010). However, "[o]nly the time period during which a round of habeas review is pending tolls the statute of limitation; periods between different rounds of collateral attack are not tolled."[2] Id. (citation omitted).

Additionally, the limitation period may be equitably tolled if petitioner establishes that he diligently pursued his rights but some extraordinary circumstance stood in his way. Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006) (citations and internal quotation marks omitted). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.. . . The high threshold of extraordinary circumstances is necessary lest the exceptions swallow the rule." Lakey v. Hickman, supra, 633 F.3d at 786 (citations and internal quotation marks omitted). "That determination is highly fact-dependent and [petitioner] bears the burden of showing that equitable tolling is appropriate." Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005). "A petitioner must show that his untimeliness was caused by an external impediment and not by his own lack of diligence." Bryant v. Arizona

---

[2] The Ninth Circuit has articulated a "two-part test to determine whether the period between the denial of one petition and the filing of a second petition should be tolled. First, we ask whether the petitioner's subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition. If the petitions are not related, then the subsequent petition constitutes a new round of collateral attack, and the time between them is not tolled. If the successive petition was attempting to correct deficiencies of a prior petition, however, then the prisoner is still making "proper use of state court procedures," and habeas review is still pending. Second, if the successive petition was not timely filed, the period between the petitions is not tolled." Banjo, 614 F. 3d at 968-69 (citations and internal quotation marks omitted).

Attorney General, 499 F.3d 1056, 1061 (9th Cir. 2007) (citing Roy v. Lampert, 465 F.3d 964, 973 (9th Cir. 2006)); see also Shannon v. Newland, 410 F.3d 1083, 1090 (9th Cir. 2005) (observing that in each of the cases in which equitable tolling has been applied the requisite "extraordinary circumstances" have been based on the "wrongful conduct" of another that "actually prevented the prisoner from preparing or filing a timely habeas petition").

DISCUSSION

In the present case, petitioner's conviction became "final" within the meaning of AEDPA, on June 10, 2008, upon expiration of the ninety-day period for seeking certiorari before the United States Supreme Court, following the California Supreme Court's denial of review. See Rule 13, U.S. Supreme Court Rules; Tillema v. Long, 253 F.3d 494, 498 (9th Cir. 2001); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Thus, AEDPA's one-year limitation period, as applied to petitioner, commenced running on June 11, 2008. 28 U.S.C. § 2244(d)(1)(A); Fed. R. Civ. P. 6(a) (excluding the day from which the period begins to run from the calculation of the time). Absent statutory and/or equitable tolling, petitioner was required to file his federal petition no later than June 10, 2009. Petitioner's federal habeas petition was filed more than one year after this deadline, on September 10, 2010.

Petitioner does not contend that he is entitled to statutory tolling. Rather, petitioner contends, pursuant to the "mailbox rule,"[3] that he is entitled to equitable tolling commencing August 17, 2008, when he allegedly signed his original petition and gave it to prison officials for mailing. That petition bears petitioner's signature dated August 17, 2008. (Dkt. No. 1 at 6-8.) Petitioner contends that the period of equitable tolling should extend from August 17, 2008, through September 10, 2010, the formal filing date of his petition.

Petitioner states that he "filed his initial federal habeas petition on August 17,

---

[3] See Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts (filing date is date of deposit in institution's internal mailing system); see also Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) ("[t]he mailbox rule applies to federal and state petitions alike").

4

2008. Due to extraordinary circumstance out of the petitioners' control he had to file his petition again in this court on September 10, 2010 . . ." (Dkt. No. 17 at 1-2.) Petitioner explains that he erroneously sent his original petition to the former address of the Fresno division of the United States District Court, Eastern District of California, viz., "Clerk, U.S. District Court, Rm 5000[,] 1130 "O" Street, Fresno California 93821,"[4] rather than to Sacramento. (Id. at 3.) Petitioner asserts that he addressed his petition to the outdated Fresno address because that was the only address provided "in the Corcoran State Prison law library on 3A yard." (Id.) Petitioner further asserts that he thereafter inquired as to the status of his original petition, and has attached copies of his letters dated April 18, 2009, and September 8, 2010, addressed respectively to "Court Clerk" and "The Court" (neither letter providing a street address). (Id. at 5-6.) Included with the second letter was a copy of the purportedly original petition. The Fresno division relied on this copy of the petition, attached to petitioner's September 8, 2010 letter of inquiry, to open this action on September 10, 2010. The action was transferred to the Sacramento division on September 15, 2010. (Dkt. No. 3). Consistently, in the operative amended petition filed November 4, 2010, petitioner dated his signature as follows: "8-17-08 original (10-21-10 new)." (Dkt. No. 9 at 6.)

Petitioner contends that these facts demonstrate he has been diligent in pursuing this case, but that extraordinary circumstances beyond his control ("due to the courts not forwarding his original writ or losing his original writ" (Dkt. No. 17 at 3)) resulted in the untimely filing of his petition. Petitioner asserts that the court has a duty to develop a factual record of the pertinent events in this case before ordering a dismissal. The court agreed and directed the respondent to file a reply to petitioner's opposition, with a copy of petitioner's "Mail Card" (CDC Form 119, which itemizes a prisoner's in-coming and out-going legal mail) for the period August 2008 through the present. (Dkt. No. 20 at 2.) Respondent has now filed a reply,

---

[4] The address of Fresno's "new" federal courthouse, opened in 2005, is 2500 Tulare Street, Suite 1501, Fresno, California 93721.

and lodged a copy of petitioner's "Mail Card," for the period March 2008 through May 2011. (Ldgd. Doc. No. 5.)

As respondent notes, petitioner's "Mail Card" for the relevant period fails to support petitioner's assertion that he timely delivered his original federal habeas petition to prison officials for mailing. The only entry in 2008 is for March 21, 2008, which indicates petitioner's receipt of legal mail from the California Court of Appeal, Third Appellate District. (Ldgd. Doc. No. 5 at 2.) The next entry is September 9, 2010, indicating that petitioner sent legal mail to the Fresno Division of the United States District Court, Eastern District of California. (id. at 3), which is consistent with the September 10, 2010 opening of this case. There are no entries for the period between March 21, 2008, and September 9, 2010.

There is, therefore, no objective evidence in support of petitioner's contention that he sought to timely file the original petition in this action. Thus, there is no evidence that some extraordinary circumstance outside petitioner's control prevented him from timely filing his federal petition. Lakey, supra, 633 F.3d at 786. Moreover, petitioner's contention that he diligently pursued his rights in this action, id., is not supported even by his own assertions. Petitioner states that he did not inquire as to the status of the original petition, allegedly mailed on August 17, 2008, until eight months later, in his letter dated April 18, 2009. Nearly seventeen more months passed before petitioner allegedly made his second inquiry, in his letter dated September 8, 2010. These periods of inactivity exceed the five-month delay found by the Supreme Court to demonstrate a lack of due diligence. See Pace v. DiGuglielmo, supra, 544 U.S. at 418 (following undue delay of several years in filing state petition, petitioner demonstrated further lack of due diligence by waiting an additional five months after the denial of his state petition to file his federal petition); accord, Lacava v. Kyler, 398 F.3d 271, 277 (3d Cir. 2005) (petitioner failed to exercise due diligence when he allowed more than twenty-one months to lapse from the filing of his petition before he inquired as to its status); Drew v. Department of Corrections, 297 F.3d 1278, 1288 (11th Cir. 2002) (single letter, sent sixteen

months after a filing, was insufficient to demonstrate due diligence in ascertaining status of filing); Halliburton v. Bartos, 2006 WL 2504315 *5 (D. Ariz. 2006) (petitioner failed to act with reasonable diligence by waiting over one year to inquire as to the status of his action).

The cases relied upon by petitioner are inapposite. See Huizar v. Carey, 273 F.3d 1220, 1224 (9th Cir. 2001) (according opportunity for state to respond to prisoner's assertion that he had maintained a "steady stream of correspondence" inquiring about the status of his federal habeas petition, which appeared to be supported by petitioner's outgoing mail log); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001) (finding that district court erred in its sua sponte dismissal of a federal habeas petition as time-barred without providing the petitioner with prior notice and an opportunity to respond); Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir. 2002) (finding equitable tolling for period attributable to district court's error in rejecting petitioner's first petition for minor technical reasons).

Accordingly, this court finds that petitioner has not met his burden of demonstrating entitlement to equitable tolling in the filing of the instant federal habeas petition. Espinoza-Matthews, 432 F.3d at 1026; Lakey, 633 F.3d at 786.  Due to the untimely filing of the instant federal habeas petition, respondent's motion to dismiss should be granted.

Finally, petitioner has requested the appointment of counsel.  There is no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  Although 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of a habeas proceeding "if the interests of justice so require," see Rule 8(c), Fed. R. Governing § 2254 Cases, the court finds, for the reasons set forth above, that the interests of justice would not be served by the appointment of counsel in the present case.  Accordingly, petitioner's request for appointment of counsel is denied.

////

////

////

CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that petitioner's request for appointment of counsel (Dkt. No. 18) is denied.

In addition, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss this action (Dkt. No. 13) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Should petitioner file objections, he may address whether a certificate of appealability should issue in the event petitioner files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). A certificate of appealability may issue under 28 U.S.C. §2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

DATED: July 11, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

dorr2482.mtd.hc